# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 24-cv-02458-REB

Z.S.

    Plaintiff,

v.

FRANK BISIGNANO,[1] Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[2] filed pro se September 6, 2024,[3] seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*[4] I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. §

---

[1] On May 6, 2025, the Senate confirmed Frank Bisignano as Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted for Leland Dudek, former Acting Commissioner of Social Security, as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[3] Both **Defendant's First Unopposed Motion for an Extension of Time To Answer or Otherwise Respond to Plaintiff's Complaint** [#8], filed November 4, 2024, and plaintiff's **Application for an Extension of Time To Submit Opening Brief** [#13], filed December 31, 2024, are now moot and will be denied on that basis. Plaintiff's **Motion for Default Judgment** [#11], filed December 11, 2024, is denied. (These motions were not more timely resolved because, due to a docketing error, this case was not properly assigned to either the premerits management docket or to an Article I district judge until March 5, 2026 [#16].)

[4] Because plaintiff is proceeding pro se, I construe his pleadings and papers more liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys-at-law. ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d

405(g).  The matter has been fully briefed, obviating the need for oral argument.  I affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges he is disabled as a result of degenerative disc disease and chronic pain syndrome.  After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge.  This hearing was held on November 13, 2023.  At the time of the hearing, plaintiff was 49 years old.  He has a high school education and past relevant work experience as a carpenter and a retail store manager.  He did not engage in substantial gainful activity between March 1, 2022, his alleged date of onset, and December 31, 2022, his date last insured.

The ALJ found plaintiff not disabled and therefore not entitled to disability insurance benefits.  Although the evidence established plaintiff suffered from severe impairments, the judge concluded the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  Other alleged impairments were found to be non-severe.  The ALJ found plaintiff had the residual functional capacity to perform a reduced range of unskilled light work with postural and environmental limitations.  Although this finding precluded plaintiff's past relevant work, the ALJ found there were jobs existing in significant numbers in the local and national economies that he could perform.  He therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

---

1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir.1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See **Kelley v. Chater**,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity.  A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed

>           impairment, the ALJ must determine whether the claimant
>           can perform his past work despite any limitations.
>
> 5.        If the claimant does not have the residual functional capacity
>           to perform his past work, the ALJ must decide whether the
>           claimant can perform any other gainful and substantial work
>           in the economy.  This determination is made on the basis of
>           the claimant's age, education, work experience, and residual
>           functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show the claimant is capable of performing work in the national economy.  **Id.**  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  **Casias v. Secretary of Health & Human Services**, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  **Hamilton v. Secretary of Health and Human Services**, 961 F.2d 1495, 1497-98 (10th Cir. 1992); **Brown v. Sullivan**, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  **Brown**, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  **Hedstrom v. Sullivan**, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."

***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  ***Id.***

### III.  LEGAL ANALYSIS

In a single claim of error, plaintiff asserts the ALJ erred in finding he was not presumptively disabled at step three of the sequential evaluation.  Finding no such error, I affirm.

The Commissioner's Listing of Impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1 (effective Feb. 18, 2025), sets forth medical criteria pursuant to which impairments of various bodily systems will be considered presumptively disabling.  ***See*** 20 C.F.R.     § 404.1520(d).  Section 1.00 addresses musculoskeletal disorders generally, and subsection 1.15 sets forth the criteria for "disorders of the skeletal spine resulting in compromise of a nerve root(s)."  For an impairment to be considered presumptively disabling, the claimant must show his impairment satisfies all the criteria of a listing.  ***See Sanchez v. Colvin***, 2016 WL 1165543 at *3 (D. Colo. March 25, 2016).  "An impairment that manifests only some of those criteria, no matter how severely, does not qualify."  ***Sullivan v. Zebley***, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1990) (footnote omitted).  The burden is on the claimant to adduce medical evidence sufficient to demonstrate he is disabled at step three.  ***Id.***, 110 S.Ct. at 891; ***Fischer-Ross v. Barnhart***, 431 F.3d 729, 733 (10th Cir.2005).

Under Listing 1.15, a disorder of the skeletal spine resulting in compression of

5

one or more nerve roots is considered presumptively disabling when four primary criteria are shown. Among these is the requirement to adduce evidence demonstrating

> [an i]mpairment-related physical limitation of musculoskeletal functioning that has lasted, or is expected to last, for a continuous period of at least 12 months, and medical documentation of at least one of the following:
>
> 1. A documented medical need for a walker, bilateral canes, or bilateral crutches . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.15D1 (internal citations omitted). As used in the listings, an "assistive device" is "any device that you use to improve your stability, dexterity, or mobility" for which there is a "documented medical need." A "documented medical need" is one for which "there is evidence from a medical source that supports your medical need for an assistive device for a continuous period of at least 12 months" which "describe[s] any limitation(s) in your upper or lower extremity functioning and the circumstances for which you need to use the assistive device." *Id.* § 1.00C6a (internal citations omitted).

The ALJ concluded at step three that plaintiff's degenerative disc disease did not meet this aspect of the definition. (Tr. 16.)[5] The evidence before me is sufficient to support that conclusion. Moreover, and even if it were not, the error undoubtedly was harmless, as the evidence plainly shows plaintiff's impairment did not meet the most basic requirement of the listing.

The evidence shows plaintiff was using a walker at the time he was admitted to the hospital on May 12, 2022, with symptoms of alcohol withdrawal and ataxia in his

---

[5] The ALJ also concluded there was no evidence that the other two methods of satisfying this subsection, which address the inability to use one or both upper extremities, were met. (Tr. 16.) Plaintiff offers no argument and points to no evidence suggesting these additional conclusions were erroneous.

lower bilateral extremities. (Tr. 499-500, 505, 515.)  However, plaintiff stated he had not required an assistive device until recently.  A physical therapy consultant determined plaintiff was unable to ambulate independently or safely, and he was admitted to the hospital as an inpatient for several days to manage his alcohol withdrawal symptoms. (Tr. 505-506 517.)

While plaintiff was still in the hospital, a physical therapist[6] noted on a check-box form that plaintiff had a documented medical need for a walker.  (Tr. 203.)  However, there was no accompanying statement from a medical source describing the circumstances for which plaintiff needed such a device.  Moreover, the evidence shows plaintiff's balance and ambulation improved greatly during his course of care at an outpatient rehabilitation facility.[7]  Further, and even if I could infer as much from the medical record – which would be contrary to the demands of the listing –  the evidence regarding plaintiff's further treatment would not support a finding that plaintiff required

---

[6]  Although the parties do not raise the issue, it is questionable whether a physical therapist can offer a "medical opinion" within the meaning of the listings.  ***See Terwilliger v. Commissioner of Social Security Administration***, 801 Fed. Appx. 614, 626 (10th Cir. 2020) ("[A] a physical therapist is not an 'acceptable medical source' and cannot offer a medical opinion[.]" (citing **SSR 06-03p**, 2006 WL 2329939 at *1-2 (SSA Aug. 9, 2006)).

[7]  Plaintiff was admitted to the facility on May 23, 2022, and received physical, occupational, and recreational therapy and counseling.  (Tr. 679, 686.)  When he was discharged ten days later, it was reported he "had a great deal of improvement" during his inpatient stay and that his "functional level at the time of discharge greatly improved compared to the functional level at the time of admission," demonstrating plaintiff "greatly benefit[t]ed from the therapeutic interventions offered in the acute inpatient rehabilitation facility."  (Tr. 740.) His balance and ability to walk unaided had improved and he  only occasionally suffered a loss of balance.  He was either independent or "modified independent" with issues of rising from a seated position, transferring to a chair or car, walking at least 150 feet in a corridor or similar space, and climbing up and down steps with or without a rail.  (Tr. 689, 742.)  Overall, his multiple medical conditions were found to be either stable and/or improving, and he was advised to continue with his various therapeutic interventions.  (Tr. 695.)  He was deemed stable for discharge.  (Tr. 740.)

an assistive device for a continuous period of at least twelve months.[8]

Finally, apart from all these evidentiary deficiencies, and even if the ALJ erred in finding plaintiff did not have a documented medical need for an assistive device within the definition of the listing, any such error undoubtedly would be harmless.  *See Williams v. Chater*, 1995 WL 490280 at *2 (10th Cir. Aug.16, 1995) ("Procedural imperfection that does not affect a party's substantive rights is not a basis for reversal."); *Lumpkin v. Colvin*, 112 F.Supp.3d 1169, 1174 (D. Colo. 2015) ("[W]here [the] ALJ's opinion is otherwise amply supported by the record, error which does not prejudice [the] claimant will not warrant remand.").  For a cervical MRI performed in May 2022 showed no cervical nerve root impingement at all.  (*See* Tr. 528, 1324.)  As Listing 1.15 is not even implicated where there is no compression of a nerve root, plaintiff's impairment cannot be presumptively disabling thereunder, regardless whether he required an assistive device to ambulate.

For these reasons, I find plaintiff fails to substantiate any basis for reversing the ALJ's disability determination.  I therefore affirm.

## IV.  ORDERS

I thus find no reversible error in the ALJ's disability determination, which accordingly must be affirmed.

---

[8] Following his discharge, at an appointment in late June 2022, plaintiff had graduated to a cane, and it was noted that his balance had improved.  (Tr. 1336.)  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.15D1 (requiring evidence of need for *bilateral* canes to satisfy listing).  At a follow-up appointment in November 2022, shortly before his date last insured, plaintiff was found to have a normal gait without the use of an assistive device.  (Tr. 1326.)  In mid-January 2023, a provider refused plaintiff's request to fill out a Med-9 form in support of his claim for disability because "[h]e has no restrictions from our perspective."  (Tr. 1361.)

**THEREFORE IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is affirmed;

2. That **Defendant's First Unopposed Motion for an Extension of Time To Answer or Otherwise Respond to Plaintiff's Complaint** [#8], filed November 4, 2024, is denied as moot;

3. That plaintiff's **Application for an Extension of Time To Submit Opening Brief** [#13], filed December 31, 2024, is denied as moot; and

4. That plaintiff's **Motion for Default Judgment** [#11], filed December 11, 2024, is denied.

Dated March 10, 2026, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge